164-03, LLC v Alsamet (2021 NY Slip Op 50666(U))

[*1]

164-03, LLC v Alsamet

2021 NY Slip Op 50666(U) [72 Misc 3d 133(A)]

Decided on July 9, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on July 9, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : MICHELLE WESTON, J.P., DAVID ELLIOT, BERNICE D. SIEGAL, JJ

2019-1075 Q C

164-03, LLC, Appellant,
against
Sharef Saleh Ali Alsamet and Four Star Deli, Inc., Doing Business as
89 Deli and Grocery Stores 2 and 3 and Basement Space therein (Second & Third Stores
from Corner of 164th Street), Respondents, et al., Undertenants. 

Curtis Harger, for appellant.
Sharef Saleh Ali Alsamet and Four Star Deli, Inc., respondent pro se.

Appeal from an order of the Civil Court of the City of New York, Queens County (Sally E.
Unger, J.), dated May 15, 2019. The order granted tenants' motion to be restored to possession in
a commercial nonpayment summary proceeding.

ORDERED that the order is affirmed, without costs. 
The parties settled this commercial nonpayment proceeding by agreeing to a certain payment
schedule, that time was of the essence in making the payments, and that, if tenants failed to
timely make the payments, upon service of a three-day notice of default, landlord could serve an
eviction notice upon tenants. Tenants were evicted following an alleged default under the terms
of the stipulation, and then moved, by order to show cause, to be restored to possession, claiming
that they had made all payments under the stipulation. Landlord appeals from an order of the
Civil Court which granted tenants' motion. 
Upon a review of the record, we find that the Civil Court acted well within its discretion in
granting tenants' motion to be restored to possession, as they demonstrated that they had
substantially complied with the stipulation (see Boston Rd. Brooklyn, L.P. v Steptoe, 58 Misc 3d 133[A], 2017
NY Slip Op 51782[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]; 135 Amersfort Assoc., LLC v Jones, 48
Misc 3d 142[A], 2015 NY Slip Op 51250[U] [App Term, 2d [*2]Dept, 2d, 11th & 13th Jud Dists 2015]). Landlord's argument
that the Civil Court was without discretion to decide the motion is without merit. 
Accordingly, the order is affirmed. 
WESTON, J.P., and ELLIOT, J., concur.
SIEGAL, J., taking no part.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: July 9, 2021